United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 19-13500-mdc
Christopher J Parke                                                     Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: JEGilmore            Page 1 of 1              Date Rcvd: Sep 05, 2019
                               Form ID: pdf900            Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 07, 2019.
db             +Christopher J Parke,    964 Woodcrest Road,    Abington, PA 19001-4705

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Sep 06 2019 03:26:09      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 06 2019 03:25:49
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 06 2019 03:25:59     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/PDF: gecsedi@recoverycorp.com Sep 06 2019 03:35:45      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 4

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 5, 2019 at the address(es) listed below:
              BRAD J. SADEK    on behalf of Debtor Christopher J Parke brad@sadeklaw.com,    bradsadek@gmail.com
              KARINA   VELTER    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper
               amps@manleydeas.com
              LORRAINE GAZZARA DOYLE    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper
               ldoyle@pincuslaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:   Christopher J. Parke          :     Chapter 13
                                       :
                                       :
                                       :
                                       :
                  Debtor               :     Bankruptcy No. 19-13500-mdc

ORDER

AND NOW, this ____4th____ day of _Sept._, 2019, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

ORDERED, that debtor is granted permission to sell his/her real property located at 964 Woodcrest Road, Abington, PA 19001 ("Property"), free and clear of all liens, for the sale price of $415,000, pursuant to the terms of a certain real estate agreement of sale dated as of August 7, 2019, to the buyer(s) thereunder, David Thomas("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

| | | |
|---|---|---|
| 1. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters | $ 4,150 |
| 2. | Liens paid at closing - | $ 184,627.86 |
| 3. | Real estate taxes, sewer, trash and/or other such items | $ |
| 4. | Property repairs, if any | $ |
| 5. | Real estate commission, at no greater than 6% | $ 24,900 |
| 6. | Attorney's fees, if any | $ |

7.  Any small (less than $300) allowances agreed to be made
    to Buyer to settle any unforeseen dispute arising at
    settlement                                                                $_____

8.  Other                                                                     $_____

    TOTAL                                                                     $ 213,677.86

After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 standing trustee, the balance of the sales proceeds, approximately $201,322.14, less/minus the Debtor's real estate exemption in the amount of $25,150.00 which shall be paid to the Debtor at closing, to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with debtor's modified plan, which shall require a 100% distribution on all filed and allowed claims.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.


                            BY THE COURT

                            _Magdeline D. C_____
                            Magdeline D. Coleman
                            Chief United States Bankruptcy Judge